Thomson, J.,
delivered the opinion of the court.
This suit was brought by Cherry against Shafer to recover the rent of a house belonging to Cherry, and occupied by Shafer’s mother-in-law, Mrs. Straight. She had occupied the house for five months previous to May 1, 1892, but had paid no rent, and the furniture had been attached for the rent due. The suit was settled and the attachment released upon the execution to the plaintiff of a note for $200, by defendant’s brother-in-law, guaranteed to the amount of $150 by the defendant. Plaintiff then demanded possession of the house, declining to lease it longer to Mrs. Straight. Plaintiff’s testimony was that he then, by an agreement between himself and the defendant, leased the premises at $40.00 per month to the defendant until the latter could get his furniture and his mother-in-law removed out of the house into one *514 of his 'own houses, and that the premises were occupied under this arrangement from May 17 until August 23. Defendant paid one month’s rent and no more.
Defendant testified that his agreement was one of guaranty, and embraced only one month’s rent, which he paid. The court found the facts to be with the plaintiff, and rendered judgment in his favor for the balance due. It is contended that the agreement amounted to a promise by the defendant to answer for the default of another, and therefore, not being in writing, was within the statute of frauds. The court evidently accepted the plaintiff’s version of the contract as the true one, and it must, therefore, be so accepted here. The agreement to which he testified involved no promise to answer for the debt or default of another. It was an original contract between the plaintiff and .the defendant. It is immaterial that the property was rented for the use of Mrs. Straight. The defendant was the lessee, and he alone was liable for the rent.
The judgment will be affirmed.

Affirmed.